UNITED STATES DISTRICT COURT
MASSACHUSETTS

DORNELL WIGFALL, PRO-SE.
    VS.
MICHAEL SHEEHAN,   ERNEST THERIEN,
PHILIP M. SMITH,   DAVID STRINGHAM,
SCOTT E. PETERSON, STANLEY GALAS,
THOMAS F. BORRONI, PETER ALLEN,
ANTHONY CATALIANO, DAVID NOLAN,
KENNEY DEORCEY,    SHERRY ELLIOT, ET-AL.
KEVIN O'HEARN,
KEVIN DESCHAMPE,

CIVIL ACTION
NO.

INTRODUCTION:

This is a civil action filed by the Plaintiff dornell wigfall, in the above, a state prisoner being held incarcerated in the Massachusetts dept of Corr'n totally against his own free will who is filing for damages and injunctive relief under 42 USC §1983, 1885, alleging force, unnecessary interference into his medical care, intentional Delaying of Medication and Diliberate Indifference in violation of his Eighth Amendment Right to The United States Constitution and confindment in segregation Violation of due Process Clause of the Fourteenth Amendment to the Constitution. The plaintiff also alleges the Tort in the sence of assault and Battering him with intentional Negligence.

JURISDICATION:

1. This Court has jurisdiction over the plaintiffs' claims of violation of federal constitutional rights under 42 USC§:1331(a) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28USC§1367.

-2-

**PARTIES INVOLVED:**

3. Plaintiff, Dornell Wigfall, was and is all times herein mentioned throughout the complaint and is suing the defendant in their personal and offical caopacities.

4. Deafendant, Michael Sheehan, was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and officail capacities.

5. Defefendant, Philip M.Smith, was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and officail capacites.

6. Defendant, Scott E.Peterson, was and is at all times herewith mentioned throughout and is being sued in both his personal and officail capacities.

7. Defendant, Thomas F.Borronie, was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and officail capacites.

8. Defendant ,Anthony Cataliano, was and is at all times herewith mentioned throughout and is being sued in both his personal and officaila capacites.

9. Defendant, Kenney Deorcey, was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and officail capacites.

10. Defendant, Kevin O'hearn, was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and official capacites.

11. Defendant, Kevin Deschampe, was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and official capacites.

12. Defendant Ernest Therien, was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and official compacites.

13. Defendant David Stringham, was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and offial capacites.

-3-

**14.**   Defendant Stanely Galase, was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and official capacites.

**15.**   Defendant, Peter Allen was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and officail capacites.

**16.**   Defendant David nolan, was and is at all times herewith mentioned throughout this complaint and is being sued in both his pesonal and official capacites.

**17.**   Defendant, Sherry Elliot, was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and officail capacities.

**18.**   Defendant, John Doe was and is at all times herewith mentioned throughout this complaint and is being sued in both his personal and officail capacities.

**Denial of Due Process:**

19.   Immediatly, during the days of these events or the following day the plaintiff without any disciplinary hearing by a board was then placed on AA and punitive segregation.

20.   At time either on the same day or at other dates the defend -ants served the plaintiff with disciplinary reports and charges for assaulting staff, inciting a riot, threatening staff, refusing a direct order, insolence towards a staff member, fighting with use of obseen and threating language, being out of place, based on the above discribed events.

21.   The Plaintiff request for his disciplinary hearings his eye witnesses to the events from where he was housed at that time(s) who were also housed next to him or and in general population, or in the segregation units where plaintiff was being housed.

22.   The plainiff in either of the events did know or didn't know the names of the witnesses, but provided their location in the unit or who was there in the area where the incident took place or where they were being held from being a witness to the events.

23.   Plaintiff also asked the defendants disciplinary hearing staffs to call in his witnesses.

24.   Defendants failed to call any of his witnesses requested by the plaintiff because their statement was irrelevent to the charges and thrie statement wouldn't change the de-board decision.

25.   After the disciplinary boards hearing after ther majority pertaining to the disciplinary reports, the plaintiff recieved the hearings officers written disposition signed by O'hearn, Cataliano, Therien, "Guilty as charged based on staff statements," and sentenced the plaintiff to over the one month required by their own 103 CMR 421.00: Segregation and 103 CMR 423.00:te seq Special Managament Unit Punitive Segregation.

28.   The staffs statements providedto the plaintiff had all of the above #22.

29.   The staff statement s did not state any facts showing the plaintiff had incited other inmates to riot.

30.   Pursuant to prison procedure, the plaintiff filed his administrative appeal with the Superintendants, Peter Allen and David Nolan, pointing out that non of his witnesses had been called, that there was no evidence supporting the charges including to riot, and the written deposition did not explain the reason with any evi- dence to support the finding of guilt.

31.    Defendants, Peter Allen and David Nolan denied the plaintiff's appeals.

**Denial of Medical Care:**

32.    The plaintiff was denied his medication and access to it by the defendants who did nothing to correct the denials.

33.    Plaintiff had submitted both his institutional grievence to the heads of both administrations the head of prison superinte-ndants and the directors of the institutions hopital only to be denied any support in his claims or responses of excuses to cover up their wrongs.

34.    Defendants denied the plaintiff access from his cell to allow him to go to the institutions hsu for medical treatments.

35.    Defendants took from plaintiff's medical and regula feeding tray portions of his medical feedings without being told to from either diaticision, kitchen director nor the medical department.

36.    Defendants removed portions of my feeing from plaintiff's cell when he exited it for the yard, and out door recreation and leaving the unit for ant reason including while he was at courts or the hospitals.

37.    Defendants interfered with the medical timely treatments intentionallt delaying plaintiff's medical treatments bringing his medical condition from the normal 60s to over 309 and above blood count indangering his health and life.

38.    Defendants denied plaintiff his rights to help take care of his own medical condition and have what he needed including foods in hi cell bought through the institutions store canteen.

39.    Defendants conspired with one an other in giving plaintiff his right to be free from arbitrary disciplinary hearings and results with evidence in favor of the plaintiff for a finding of not guilty.

40.    By order of the institutions doctor and policies the defendants refused to provide or treat the plaintiff with what is proper medical traetment and care causing diabilities and indange-ring his health and life with intentional suffering.

**CLAIMS FOR RELIEF:**

**41.** The actions of these named defendants in using physical verble and abuse of forces against the plaintiff without need or provoation and failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the UnitedStates Constitution.

**42.** Defendants falsifying of reports against the plaintiff is clearly done in bad faith and to cuase and do harm to the plaintff.

**43.** The Actions of the defendants in using force and deception against the plaintiff without need or provocation constituted the tort of assault and battery under the law of <u>42USC§1983 and § 1985</u>.

**44.** The failure of the defendants to take disciplinary or other apropriate action to curb the known apterns of abuses of inmate wigfall by the defendants constituted deliberate indifference, and contribuated to an proximately cause the above discribed violation of the Eighth Amendment rights and assault and battery.

**45.** The actions of the defendants disciplinary departments officials in refusing to call the witnesses requested by the plaintiff,finding him guilty of inciting to riot,disobeying an order use of obseen and abusive language,threatening staff and other person with no eveidence to support the charges, and providing an truthfull or hornust and inadequate wrtitten disposition to the charges denied the plaintiff the due process of law in violation of the Fourth Amendment to the United States Constitution.

**46.** The actions of the defendants and disciplinary departments in refusing to overturn the plaintiff's disciplinary convictions before he was denied his due process <u>prior</u> to being punished before his right to a four member disciplinary hearing board dispite their full knowledge of the above discribed due process violations, constituted deliberate indifferences and further denied the plaintiff the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

**47.** Failure of the defendants to immediately dismiss the illegal actions against the plaintiff by the offiicials or soon thereafter and to immediately have the plaintiff given his medical treatments, constitutes deliberate indifference to the plaibtiff's serious medical needs in violation of the Eighth Amendment To the United States Constitution.

**48.** Failure of the defendants director of treatmet to the plaintiff's medical needs without the responding to any of his written reports to their offices, constitutes the tort of negligence under the law of 42 USC§1983 and §1977(e)e/ §1985.

-7-

**REUEST FOR RELIEF:**

WHEREFORE, plaintiff request that the court grant the following relief:

**A.    Issue a declaratory judgment stating that:**

**1.** The physical abuse of the plaintiff by the defendants violated the plaintiff's rights under the Eighth amendment to the United StatesConstitution and constituted an assault and battery under state and federal law.

**2.** Defendants failure to take immediate actions to curb the physical and verble abuse of prisoners violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state and federal law.

**3.** Defendants interferences in the medical conditon and treat-ment of the plaintiff is in violation of plaintiff's Eight and Fourteenth Amendment Rights to the United States Constituonal Rights

**3.** Defendants failure to file truthfull and hornest reports on the plaintiff is in violation of plaintiff's First,Fourth,Fifth ,Eighth and Fourteenth Amendment Right to the United States Const-itution and laws of the Commonwealth of Massachusetts.

**4.** Defendants actions in conducting the plaintiff's disciplinary hearings, and defendants actions in sustaining it, violates the plaintiff's rights under Due Process Clause of the Fourteenth of the Fourteenth Amendment to the United States Constitution.

**5.** Defendants actions failing to provide protection and adaequate medical care for the plaintiff violated, and continued to violate, the plaintiff's right under the Eighth Amendment to the United States Constitution.

**B.    Issue an injunction ordering defendants or their agents to:**

**1.** Immediatly arrage that the plaintiff be given his medication at the times required by the national association of diabetes and the institutions polcies on time.

**2.** That any decisions to be made pertaining to plaintiff's medical condition, treatements and examinations be done by liciened medical supervisors without delay.

**C,    Issue an injunction ordering the defendants to:**

  **1. Release the plaintiff from punitive segregation and place him in general population, with restoration of all rights and privileged;**

-8-

E. **Award punitive damages against defendants,et-al.**

$260,000. each defendants.

F. Grant such other relief as may appear that plaintiff is intitled.

Date: December 30, 2004.


Respectfully Submitted,

*Dornell Wigfall*
Dornell Wigfall,pro-se.
P.O. Box 100 So. Walpole,
Mass,02071



**Alternative version of damages demanded:**

D. **Award Compensatory damages jointly and severally against:**

   1.  Defendants for the physical and emotional injuries sustained as a result of the denial and delay of medical treatments.

   2.  Defendants for their punishments and emotional injuries resulting from the punishment and emotional injuries resulting from their denial of due process in connection with the plaintiff's disciplinary proceedings.

   3.  Defendants for the emotional injuries resulting from their gfailure to provide adequate medical care to the plaintiff when needed and persrcibed by the institutionals licenced doctor or registered nurse.