```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

                                    )
DORNELL WIGFALL,                    )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   C.A. No. 05-10091-JLT
                                    )
MICHAEL SHEEHAN, et al.,            )
                                    )
        Defendants.                 )
                                    )
                                    )
```

<u>ORDER</u>

TAURO, District Judge

    For the reasons set forth below, the Court denies without prejudice the plaintiff's application to proceed <u>in forma pauperis</u>.

<u>BACKGROUND</u>

    On January 6, 2005, plaintiff Dornell Wigfall, currently incarcerated at MCI Cedar Junction, filed a civil action in which he alleged that various officials of the prison violated his constitutional rights.  Wigfall also filed an application to proceed without prepayment of the $150.00 fee required for filing civil actions.  He attached thereto an Inmate Transaction Report detailing the deposits and withdrawals from his prison account from April 1, 2004 through October 26, 2004.  Wigfall signed and dated all of his pleadings December 30, 2004.

## DISCUSSION

The plaintiff is a "prisoner seeking to bring a civil action...without prepayment of fees," and is therefore subject to the restrictions of 28 U.S.C. § 1915(a)(2). Along with an application to proceed <u>in forma pauperis</u>, Section 1915(a)(2) also requires prisoner litigants to file a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner <u>for the 6-month period immediately preceding the filing of the complaint</u>." 28 U.S.C. § 1915(a)(2) (emphasis added). This statement must be obtained from the "appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In this case, the plaintiff has failed to file an account statement "for the 6-month period immediately preceding the filing of the complaint." There is a gap of over two months between the latest date encompassed by Wigfall's Inmate Transaction Report and the date Wigfall apparently signed his pleadings. Even a generous interpretation of the phrase "the 6-month period immediate preceding the filing of the complaint" would not permit the Court to overlook this deficiency in Wigfall's motion to proceed <u>in forma pauperis</u>.

## CONCLUSION

Accordingly, this Court denies Wigfall's motion to proceed in forma pauperis without prejudice to the plaintiff renewing the motion and filing a prison account statement that complies with Section 1915(a)(2) within forty-two (42) days of this order.  Failure to file the statement and renew the motion within the allotted time will result in dismissal of this action without prejudice.

Moreover, Wigfall is hereby put on notice that even if he complies with this Order and the Court grants his application to proceed in forma pauperis, he will nevertheless be required to pay the full amount of the filing fee.  See 28 U.S.C. § 1915(b)(1)-(2)(prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding in forma pauperis).  Based on the information contained in the account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from plaintiff's account, followed by payments on a continuing monthly basis until the entire $150.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).

SO ORDERED.

Dated at Boston, Massachusetts, this 25th day of  January , 2005

                                 /s/ Joseph L. Tauro
                                UNITED STATES DISTRICT JUDGE