```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DORNELL WIGFALL,                  )
                                  )
        Plaintiff,                )
                                  )     C.A. No. 05-10091-JLT
        v.                        )
                                  )
MICHAEL SHEEHAN, et al.,          )
                                  )
        Defendants.               )
```

ORDER

TAURO, J.

For the reasons set forth below, the Court (1) orders that summonses issue as to defendants Peter Allen and David Nolan; and (2) directs the plaintiff to supplement or amend his complaint with regard to all allegations except those specifically mentioning Allen or Nolan.

BACKGROUND

On January 6, 2005, plaintiff Dornell Wigfall, currently incarcerated at MCI Cedar Junction, filed a civil action[1] in which he alleges that various officials of the prison violated his rights to due process and adequate medical care under the Eighth and Fourteenth amendments, respectively.[2] Wigfall names as defendants Michael Sheehan, Philip M. Smith, Scott E. Peterson, Thomas F. Borroni, Anthony Cataliano, Kenney Deorcey,

---

[1] After Wigfall responded to an earlier order by this Court, Magistrate Judge Dein granted his application to proceed without prepayment on March 24, 2005.

[2] Wigfall also asserts state-law claims for assault and battery against the defendants.

Kevin O'Hearn, Kevin Deschampe, Ernest Therien, David Stringham, Stanley Galas, Peter Allen, David Nolan, and Sherry Elliot.  Each of the defendants is sued in his or her private and official capacities.

According to Wigfall, the defendants deprived Wigfall of his right to due process by failing to call the witnesses he requested for a prison disciplinary hearing, finding without sufficient evidence that Wigfall had committed a disciplinary infraction, denying Wigfall's appeal of the disciplinary proceeding, and placing Wigfall in punitive segregation as a result of the allegedly unconstitutional disciplinary proceeding.

The defendants allegedly were also deliberately indifferent to Wigfall's medical needs.  When Wigfall was purportedly "denied his medication and access to it," the defendants "did nothing to correct the denials."  Compl. ¶ 31.  The defendants also allegedly refused to allow Wigfall to go to "institutions" for "medical treatments."  Id. ¶ 34.  Wigfall complains that the defendants removed "medical feedings" from Wigfall's meal tray and intentionally "delay[ed] plaintiff's medical treatments bringing his medical condition from the normal 60s to over 309 and above blood count indangering [sic] his health and life."  Id. ¶¶ 35, 37.

Wigfall identifies defendants Allen and Nolan as the officials who allegedly wrongly denied his appeal of the disciplinary proceeding.  In regards to virtually all of the

other allegations, Wigfall simply attributes the complained-of conduct to the "defendants."

## DISCUSSION

I.  The Court's Authority to Screen the Complaint

Because Wigfall has filed his complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review the complaint to determine whether the complaint satisfies the requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), if the action fails to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Similarly, because Wigfall is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," the Court is required to screen Wigfall's complaint. 28 U.S.C. § 1915A(a), (b).

II. Compliance with Rule 8(a)(2)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This statement must 'give the

3

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

With the exception of allegations that defendants Allen and Nolan deprived Wigfall of his right to due process by denying Wigfall's appeal of a disciplinary proceeding, Wigfall has not complied with the notice pleading requirement of Rule 8(a)(2). Wigfall simply attributes the alleged misconduct to the "defendants." Further, his allegations cover two very different events--a disciplinary hearing and the denial of medical care. Thus, the complaint does not even identify the type of misconduct in which an individual defendant was allegedly involved, let alone the role an individual defendant played in each category of alleged misconduct. Apart from references to Allen and Nolan,

4

Wigfall's complaint does not give an individual defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Rivera, 402 F.3d at 33.  Without this notice, an individual defendant has not received a "meaningful opportunity to mount a defense," Díaz-Rivera, 377 F.3d at 123.

III. Opportunity to Amend

The Court will permit Wigfall's claim that he was wrongfully denied an appeal of the disciplinary hearing to proceed against Allan and Nolan.  However, because Wigfall has failed to identify to whom he attributes the remainder of the alleged misconduct, Wigfall has not stated any other claim.  Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), summonses will not issue at this time in regards to defendants Sheehan, Smith, Peterson, Borroni, Cataliano, Deorcey, O'Hearn, Deschampe, Therien, Stringham, Galas, and Elliot.  Moreover, Allan and Nolan will not be required to answer to allegations other those pertaining to their alleged denial of Wigfall's appeal of the disciplinary hearing.

The Court will, however, grant Wigfall forty-two (42) days from the date of this order to supplement or amend his complaint to comply with Rule 8(a)(2).  The Court emphasizes that Rule 8(a)(2) does not necessarily require Wigfall to provide a more detailed description of the alleged actions of the defendants. Rather, the primary defect of Wigfall's complaint is that Wigfall does not identify the actor to whom he attributes the misconduct. Wherever Wigfall's complaint refers to "the defendants," it

should be clear to each defendant whether the reference includes him or her.

## CONCLUSION

ACCORDINGLY, the Court orders that

(1)  The Clerk issue summonses as to defendants Allen and Nolan;

(2)  The United States Marshal serve on defendants Allen and Nolan a copy of the complaint, summons, and this order as directed by the plaintiff with all costs of service to be advanced by the United States;

(3)  Allen and Nolan are only required to answer to the allegations that they denied Wigfall's appeal of the disciplinary hearing;

(4)  Summonses not issue at this time as to the other defendants; and

(5)  If, within forty-two (42) days of the date of this order, Wigfall has not supplemented or amended his complaint to identify the defendant to which Wigfall attributes the misconduct, the claims against all defendants other than Allen and Nolan be dismissed.

SO ORDERED.

 5/27/05                              Joseph L. Tauro
DATE                                  UNITED STATES DISTRICT JUDGE