UNITED STATES DISTRICT COURT
OF
MASSACHUSETTS

Dornell Wigfall, Pro se
vs.
Michael Sheehon, Ernest Therien,
Philip M. Smith, David Stringham,
Scott E. Peterson, Stanley Galas,
Thomas F. Borroni, Sherry Elliot, et al.
Anthony Cataliano,
Kenney Deorcey,
Kevin O'hearn,
Kevin Deschampe,

Civil Action
No. 05-10091-JLT

PLAINTIFF'S MOTION TO SUPPLEMENT
COMPLAINT STATING CLAIMS OF THE
ABOVE NAMED DEFENDANT'S TO
CONSOLIDATE THE ENTIRE COMPLAINT

Now comes the plaintiff in the above and moves this Honorable Court to grant this motion for the foregoing reasons:

1. Defendant, Michael Sheehon, is a corre-

-1-

ctions officer employed with the Massachusett Dept of Corrections MCI Cedar Junction Walpole Prison who interfered with plaintiff's medical condition and treatments continuing to remove portion of his regular and medical feedings from completed specially prepared trays, Denied plaintiff's exit from the cell to go to the inst (HSU) hospital for his AM: 7:30 Medical treatment intentionally and deliberatly causing medical and further medical complication from a normal blood count of 60s to over 309 indangering plaintiff's health and life, denyed plaintiff his access to out of cell recreation one hour a day required by law and outdoor freshair exercise.

2. <u>Defendant Sheehan</u> continued filing falsified disciplinary reports to deny plaintiff of any programs, use of the units phone, doyly shower required of a diabetic, denyed plaintiff to any activities including the use of the institutions canteen Corp to by food or needed cosmetics, denyed his visits, access to the Law library for access to the courts.

-2-

<u>Defendant, Sheehan</u> violated plaintiff's 1st, 5th, 6th, 8th and 14th Amendment to the U.S. Constitution (§1), including due process - equal protection.

3. Defendant, <u>Philip M. Smith</u>, deprived plaintiff his right to refill his empty KOP medication needed, continued daily delay and intentional harassments, discriminative actions towards plaintiff, interference in his medical condition and treatments violating his due process rights, filing falsified disciplinary reports that denied him access to programs including access to courts, visits, chapel, to the chow hall, the use of the phone, out of cell required one hour daily out door recreation and fresh air and access to property, denied plaintiff equal protection to keep conteen (foods) at all times in his cell do to his medical condition.

-3-

Defendant Philip M. Smith, violated plaintiff's 1st, 5th, 6th, 8th and 14th Amendment to the U.S. Constitution (§ 1) including Due process and equal protection - indangering his health and life.

4. Defendant, Scott Peterson, denied plaintiff access to his medical treatment needed, including denying the nurse to come give plaintiff his life surviving medecation which caused a major medical complication while illegally housed in the institutions segregation Special Management unit 10 block. That violated plaintiff's 1st, 5th, 8th and 14th Amendment to the U.S. Constitution (§1) and due process, equal protection and falsifying Reports.

5. Defendant Scott Peterson, being a ranking officer refused to correct the wrong he was personally aware of against plaintiff to allow or order plaintiff to receive his medical

-4-

treatment, nor did he allow the medical nurse to come give the needed medication which caused serious medical complications. Violating all of the above constitutional rights, equal treatment and due process.

6. <u>Defendant</u>, <u>Thomas F. Borroni</u>, is a captain who denied the plaintiff his access to his legal property from long term storage brought to segregation unit 10 block and refused to intervene; Violating Plaintiff's 1st, 8th and 14th Amendment to the U.S. Constitution (§1) and due process and equal protection rights.

7. <u>Defendant</u> <u>Anthony Cataliano</u>, <u>Kevin Ohearn</u>, and <u>Defendant</u> <u>Ernest Therien</u>, Denied plaintiff his right to be free from arbitrary disciplinary procedures, double Jeopordy, denying him witness evidence, denial of property, visits, phone use,

-5-

equal treatment to buy foods from the institutions Conteen Corp to keep in his cell to help his medical condition and treatment, denied access to the outdoor big yard fresh air exercise, access to chapel, gym, chow hall other programs violating his right to due process and 1st, 8th and 14th Amendment to the U.S. Constitution.

8. Defendant, Kenney Dearcey, is a captain who refused to intervene into the report against plaintiff Wigfall afirming the actions of the reporting officers without evidence that returned plaintiff back to higher security without any disciplinary hearing, finding of guilt by a 3 man ponle board, violating plaintiff rights to due process, equal treatment, keeping him housed in punitive segregation

-6-

by his actions complicating plaintiff's medical condition and treatment violating his 1st, 5th, 8th and 14th Amendment to the U.S. Constitution.

9. <u>Defendant</u>, <u>Kevin Deschompe</u>, is a Sgt. over the segregation 10 block (DSU), (SMU) Special Management Unit who two deprived plaintiff exit from his cell to go to the hospital or medical office for his medical treatment that caused plaintiff further medical complications deliberately, and denyed Medical Staff Linda _____ her access to come treat him knowing he was in trouble medically damaging nerves perminately, bringing his blood count above average almost causing the stroke or death immediately, removing neccessary foods and drinks of juice, milks from his cell prior to denying him access to

-7-

his medicine (insulin) supporting defendant scott Peterson's illegal action denying his medical treatment or medicine constituting deliberate indifference, denial of equal treatment, due process and violating plaintiff's 1st, 5th, 8th and Fourteenth Amendment Right to the U.S. Constitution including deprivation of any out of cell freshair recreation exercise.

10. <u>Defendant</u>, <u>Sherry Elliot</u>, is the director of treatment over all prisoners of MCI Cedar Junction Prison where plaintiff is being housed illegally where defendant Elliot refused to review and intervene on the illegal actions against the plaintiff assisting her peers and defendants depriving plaintiff of any protection in violation of

of his rights to due process, equal treatment, free from arbitrary disciplinary proceedings, falsified report, denied of his rights to programs, chapel, out door and out of cell fresh air exercise, denied visits, access to the use of the phone, access to the gym, to eat in the chow hall, access to property, removed from his cell unreasonably, denied his witnesses for hearings, evidence, denyed him the use of the institutions conteen corp to buy foods and cosmetics needed he was denied, denied any of his appliences, refused to intervene in on plaintiff's medical treatments and conditions reported to her office and denied plaintiff eaqual treatment due process, medical treatments and out of cell daily, as required by law one hour daily for exercise, denied access to the law

-9-

for researches to meet court deadlines and appeals neglecting her responsibility towards the plaintiff violating his 1st, 4th, 5th, 8th and 14th Amendment Rights to the U.S. Constitutions (§1).

11. <u>Defendant</u>, <u>David Stringham</u>, and Defendant, <u>Stanley Galas</u>, were and are the director over the DOC's MCI Cedar Junctions Walpoles Medical department who refuse to intervene into the mistreatment of Plaintiff who is and was a paitent in the long time care of Medical physicions they are and were incharge over who committed indifference to the well being and constant harasments and interfering of the plaintiff's Medical treatments and his condition allowing him to be mistreated

and abused by correctional staff's defendants over and over which contributed to the plaintiff's decline in health knowing after they were informed of him being denied medication long hours and days of delayed medical treatment if any at all. constituting deliberate indifferent, cruel and unusual treatment, double Jeopordy, due process violations, and neglect violating plaintiff's 1st, 8th and 14th Amendment Rights to the U.S. Constitution.

All the above named defendants throughout this complaint has committed deliberate indifference, violated plaintiff's due process rights and equal treatment pursuant to 42 USC § 1983, 28 USC § 1331(a), 42 USC § 1985, and 42 USC § 1343, and 28 USC § 1367.

Wherefore, Plaintiff request that his pro se, Motion be granted.

June 11, 2005

Respectfully submitted

*Dorrell Wigfall*

Dorrell Wigfall, Pro se,
P.O. Box 100 So.
Walpole, Ma. 02071

## VERIFICATIO

I herewith say this legal document is served on June 11, 2005 by regular first class mailing.

*Dorrell Wigfall*

-12-

# UNITED STATES DISTRICT COURT
## of
## MASSACHUSETTS

I DEPOSE AND SAY MY AFFIDAVIT IS WRITTEN IN SUPPORT OF MY PRO-SE MOTION TO SUPPLEMENT COMPLAINT STATING CLAIMS OF THE ABOVE NAMED DEFENDANT TO CONSOLIDATE THE INTIRE COMPLAINT

I say that my Affidavit is written to support My Motion in the above as true and is to consolidate the named defendants Michael Sheehan, Philip M. Smith, Scott Peterson, Thomas Borronis, Anthony Cataliono, Kenney Deorcey, Kevin Ohearn, Kevin Deschompe, Ernest Therien, David Stringhom, Stonely Galas, and Sherry Elliot, et al.

A

Signed under the Pains and penalty of perjury

June 11, 2005

Mr. Dornell Wigfall
Mr. Dornell Wigfall, Pro se.
P.O. Box 100 S0.
Walpole, Ma. 02071

-B-