-1-

UNITED STATES DISTRICT COURT
OF
MASSACHUSETTS

Dornell Wigfall, Pro se     CIVIL ACTION
    vs.                     NO. 05-10091
Michael Sheehon, et al


PLAINTIFF's MEMORANDUM OF LAW IN SUPPORT
OF MOTION REQUEST FOR ASSISTANCE OF COUNSEL

Throughout my incarceration, I've been attempting to reach this Honorable Court with this complaint and other courts both civil and to Appeal my wrongful incarceration.

Once again this administration here in MCI Cedar Junction Walpole sent unidentified and un-named carrying on their shirts 3 to my cell May 16, 2006 for the 5th 6th time taking all my legal papers to this case illegally removing it from either my mailing folders or I was sending off to the Law Library thats been closed down since the last week of April 2006 through the intire month of May still the 1st week of June 2006 without sending out just memose

- 2 -

simply to deprive prisoners rights to access to courts, such as in this case to disadvantage me and cause a dismissal of the case violating my 1st, 4th, 5th, 6th, 8th and 14th Amendment Rights to the United States Constitution and 42 USC §§ 1983 and 1985. <u>Procedural</u> vs. <u>Substantive Due Process Rights</u>. <u>Roe</u> vs. <u>Wade</u>, 410 U.S. 113 (1973).

When the plaintiff was notified of the deadline date to have his response into this court before June 26, 2006, the law library access for assistance or research, other than copies being sent through the inst. mail box to receive any back a week later.

1) The Law clearly states, All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of Citizens of the United States. Nor shall any state deprive any person of Life, liberty or property, without due process of law. Nor deny to any person within its jurisdiction the equal protection of the law."

-3-

All plaintiff's writing paper, writing tools, envelopes, exhibits, etc, had been removed from his presence, and put him in positions where's he could develope other problems having to borrow from other prisoners such as a little thing as paper in which this motions written on, and the borrowed pen he's forced to borrowed and still envelopes to forword to Courts.

The Law library's been illegally shut down to prisoners with cases pending including criminal appeals like the plaintiff who now sense this last week it's been open'd the plaintiff has been given a falsified and exaggerated incident that's illegally removed him from population to seg east Wing unit 3 segregation lockdown unit so plaintiff now is unable to do researching of updated cases, violating his rights, subjecting him to a wrongful incarceration. <u>Lewis vs. Casey</u>, 518 U.S. 343 (1996).

iT The plaintiff in this case is a naturlized born and raised citizen of the united States of America

-4-

This illegally long denial of plaintiff's access to the Institutions law library, with indefinite segregation lockdown confinement without other prisoners who may be able to help prepare for hearings or addressing defendants or the Courts order clearly disadvantages him all around while he continues to be abused by staff and defendants. Bounds vs. Smith, 430 U.S. 817 (1977). (See Toussaint vs. McCarthy, 926 F.2d 800 (9th Cir 1990).

2/ The plaintiff had due process Rights while being held incarcerated in the Mass D.O.C. as in Wolf vs. McDonnell, 418 U.S. 539 (1974), the United States Supreme Court articulated that before an inmate can be deprived his rights, he must be afforded due process. Wolf at 556-59. and Due Process requirements apply when placing inmates in Confinement. Id at 571-72.

---

2/ Plaintiff was denied any disciplinary hearing by a board denied evidence Policy nonexisting and subjecting him to double jeopardy and continuing harassment threats, coercion, and placing his life in jeopardy medically

-5-

3/ Here, if the plaintiff were afforded these Constitutional rights as others incarcerated throughout the Mass DOC's in their right to due process like other prisoners, the defendants has been repeatedly informed that "there is no Iron Curtain drawn between the Constitution and the prisoners of this country" <u>Omalley vs. Sheriff of Worcester County</u>, 415 Mass. 132, 135 (1993) (citation Omitted) and thus, to deny the plaintiff's of all his due process Rights violates the Doctrine of Due Process established in <u>Wolf</u>.

MCI Cedar Junction officials and defendant say one thing and does the opposit as this Court well knows, and wherefore request that this Court allows plaintiff's motion for assistance of Counsel. Citing <u>Lewis vs. Casey</u>, 518 U.S. 343 (1996), <u>Bounds vs. Smith</u>, 430 U.S. 817 (1977).

3/ Plaintiff was not and still being denied placement in another prison where he can get the legal assistance he needs in preparing for this case at bar or his criminal and other civil actions coming up for hearings and other litigations.

VARIFICATION
―――――――――

This legal document is served on this July 28, 2006, by indigent regular service

*Donell Wigfall*

UNITED STATES DISTRICT COURT
OF
MASSACHUSETTS

PLAINTIFF'S AFFIDAVIT IN SUPPORT OF HIS MOTION REQUEST FOR APPOINTMENT OF COUNSEL TO ASSIST
―――――――――

I depose and say this affidavit is true and written as support for the motion above, and supporting Memorandum herewith.

Signed under the pains and penalty of perjury

July 28, 2006

*Donell Wigfall*
P.O. Box 100
So. Walpole, Ma. 02071